# MARTIN CLEARWATER & BELL LLP

COUNSELORS AT LAW

220 EAST 42ND STREET, NEW YORK, NY 10017-5842
TELEPHONE (212) 697-3122   FACSIMILE (212) 949-7054
WWW.MCBLAW.COM

NEW YORK, NY
EAST MEADOW, NY
WHITE PLAINS, NY

**GREGORY B. REILLY**
**PARTNER**

NEWARK, NJ
ROCHESTER, NY

DIRECT DIAL: (212) 916-0920
E-MAIL: gregory.reilly@mcblaw.com

STAMFORD, CT

March 8, 2018

**VIA ECF:**
The Honorable Judge William H. Pauley III
U.S. District Court, Southern District of New York
United States Courthouse
500 Pearl St.
New York, NY 10007-1312



Re: **Manuel Garcia, *on behalf of himself and those similarly situated* v. The Execu|Search Group LLC**
Civil Case No.    17-CV-09401

Dear Judge Pauley:

We represent the Defendant, The Execu|Search Group LLC ("Execu|Search" or "Defendant"), in the above-referenced matter. We write pursuant to Rule III(A)(ii) of Your Honor's Individual Rules to respectfully request a pre-motion conference to dismiss Plaintiff's class allegations pursuant to Rule 23. We also request that the Court extend Defendant's time to file its Answer until after the Court's determination respecting the proposed motion.

This is a federal court action seeking damages and costs for alleged violation of the Fair Credit Reporting Act ("FCRA"). For the reasons below, Plaintiff's class action allegations should be dismissed.

Plaintiff seeks to prosecute his FCRA claims as a class action on behalf of himself and other individuals. A proper complaint asserting a class must make factual allegations respecting each of the requirements of Fed. R. Civ. P. 23. However, Plaintiff's Complaint fails to assert a common policy or practice, which is a requirement for pleading a class action pursuant to Rule 23(b)(3). *See e.g., Jones v. Sterling Infosystems, Inc.*, 317 F.R.D. 404, 411 (S.D.N.Y. 2016). The Plaintiff does not allege in his Complaint that Defendant engaged in any class-wide common policy or practice that point to a common issue of law or fact that will be at the center of the dispute. At best, Plaintiff generally alleges "This action raises number questions of law and fact which are of common and general interest to the Class members, including: a. *whether* Execu|Search failed to provide Class 1 members with copies of their consumer credit reports before taking adverse employment actions against them; b. *whether* Execu|Search failed to provide Class 2 members with written descriptions of their rights under the FCRA before taking

Judge William H. Pauley III
March 8, 2018
Page 2

adverse employment actions with them…" Complaint, ¶ 16 (emphasis supplied). ***<u>Plaintiff's Complaint does not allege – nor can it as a factual matter -- that Defendant Execu/Search actually engaged in any illegal act or omission respecting the purported class.</u>***

  Class and collective claims, like any other, must meet the pleading standards established by the Federal Rules. FED.R. CIV. P. 12(b)(1), (6). Plaintiff's allegations must "state a claim to relief that is plausible on its face" and "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 540 U.S. 544, 555 (2007). Mere "labels and conclusions" are insufficient. *Id.* It is well-settled that class allegations can be discussed at this early stage of the proceedings where the complaint fails to allege the elements for Rule 23 class certification. *See e.g., In re: Libor-Based Fin. Instruments Antitrust Litig.*, No. 11 MDL 2262 (NRB), 2016 WL 2851333 (S.D.N.Y.2016); *Davidson v. Yeshiva Univ.*, 555 F. Supp. 75 (S.D.N.Y. 1982); *Baim & Blank, Inc. v. Warren-Connelly Co.*, 19 F.R.D. 108 (S.D.N.Y. 1956).

  We respectfully submit that under these circumstances Plaintiff's class allegations should be dismissed. Thank you for your consideration.

Respectfully submitted,

MARTIN CLEARWATER & Bell LLP

_____/s/_____

Gregory B. Reilly

cc: Walker Harmon, Esq. (via ECF)
   Edgar Rivera, Esq. (via ECF)

---

Application granted. The parties shall appear for a pre-motion conference on March 30, 2018 at 11:30 a.m. If, after reviewing Plaintiff's amended complaint, Defendant seeks to withdraw its request for a pre-motion conference, it shall inform this Court in writing forthwith.

SO ORDERED:

_____ 3/19/18
WILLIAM H. PAULEY III
U.S.D.J.