Martin Clearwater & Bell LLP
220 East 42nd Street
New York, NY 10017
212-697-3122

*Attorneys for Defendant*
THE EXECU|SEARCH GROUP, LLC

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X

MANUEL GARCIA, *on behalf of himself and those similarly situated,*

                Plaintiff,       Civil Action No.: 17 cv 9401
                                                                 (WHP)

       v.

THE EXECU|SEARCH GROUP, LLC,

                Defendant.
------------------------------------------------------------------X

**DEFENDANT THE EXECU|SEARCH GROUP, LLC's**
**MEMORANDUM OF LAW IN SUPPORT OF ITS**
**MOTION TO DISMISS AND TO STRIKE**
**PLAINTIFF'S CLASS ALLEGATIONS**

      Gregory B. Reilly, Esq.
      Aisling M. McAllister, Esq.

The ExeculSearch Group, LLC ("ExeculSearch" or "Defendant") respectfully submits this Memorandum of Law in Support of its Motion to Dismiss Plaintiff's class allegations within the Second Amended Complaint.

**PRELIMINARY STATEMENT**

The Second Amended Complaint represents the third and latest failed attempt by Plaintiff's counsel to assert a viable class allegation claim against ExeculSearch with regard to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.* The class allegations – even as reconstituted – are a "fail-safe" class, which is impermissible and should be stricken. Moreover, Plaintiff has offered no factual basis in his pleadings to support the assertion that Defendant violated the FCRA on a class-wide basis by using a consumer report to make an "adverse" employment decision without providing the persons who are the subject of the report (1) a copy of the report and (2) a summary of rights under the FCRA.

As explained below, striking the class allegations is required where, as here, "if the inquiry would not mirror the class certification inquiry and if resolution of the motion is clear." *In re Initial Pub.Offering Sec. Litig.*, 21 MC 92 (SAS), 2008 WL 2050781 at *2 (S.D.N.Y. May 13, 2008); *see also General Telephone Co. of Southwest v. Falcon*, 457 US 147, 160 (1982).

**ARGUMENT**

**I. THE COURT MUST STRIKE PLAINTIFF'S CLASS ALLEGATIONS BECAUSE PLAINTIFF IMPERMISSIBLY SEEKS A "FAIL-SAFE" CLASS**

A "fail-safe" class is one whose definition "shields the putative class members from receiving an adverse judgment." *Mazzei v. Money Store,* 288 F.R.D. 45, 55 (S.D.N.Y. 2012) *quoting Randleman v. Fidelity Nat'l title Ins. Co.,* 646 F.3d 347, 352 (6th Cir. 2011). As explained in *Mazzei:* "In a fail-safe class, either the class members win or, by virtue of losing, they are not in the class, and therefore not bound by the judgment." *Id.* Moreover, a "proposed

2

'fail-safe' class should not be certified because it is unfair to defendants, it prevents an adverse judgment being entered against plaintiffs, and it is unmanageable because the members of the class could only be known after a determination of liability." *Id., citing Randleman, supra;* and *Kamar v. Radio Shack Corp.,* 375 Fed. Appx. 734, 736 (9th Cir. 2010).

In the Second Amended Complaint, the Plaintiff defines the proposed class as:

> All employees or prospective employees of Defendant residing in the United States (including all territories and political subdivisions of the United States) who were the subject of a consumer report within the period prescribed by the FCRA, 15 U.S.C. §1681p, prior to the filing of this action, and against whom Defendants [sic] took adverse action based on information contained in each consumer report.

Second Amended Complaint, ¶52. The above is an impermissible fail-safe class because it includes as members only those employees or prospective employees "against whom Defendants [sic] took adverse action based on information contained in each consumer report." *Id.* Stated another way, if Execu|Search did not take adverse action against the employee or prospective employee based upon the credit report, then the putative plaintiff is "not in the class, and therefore not bound by the judgment." *Mazzei,* at 55. [1] The Court should not permit amendment to fix this fatal flaw where, as here, Plaintiff has already had three bites at the apple. *See Nairobi Holdings Ltd. v. Brown Bros. Harriman & Co.*, No. 02 Civ. 1230, 2006 WL 2242596, at *2 (S.D.N.Y. Aug. 3, 2006) (denying Plaintiff's motion for leave to file a third amended complaint). Accordingly, the proposed class and class allegations should be dismissed and/or stricken. [2]

---

[1]   Indeed, as explained infra, the named Plaintiff Garcia does not fit within his definition of the class because Defendant ceased his services for reasons unrelated to his credit report.

[2]   The Court also should strike the class allegations because nothing in the class definition states that the putative class was subject to any alleged legal violation. *See* Second Amended Complaint, ¶52. There is nothing illegal by itself for an employer to obtain a consumer report or, upon its receipt, to take adverse action based upon the report even though the amended class definition suggests otherwise. Under Plaintiff's definition the mere denial of employment on the basis of a credit report is a purported legal violation. Plaintiff's class definition is inconsistent with the FRCA, which only regulates use of credit reports, but does not prohibit denial of employment on the basis of the report.

## II.   PLAINTIFF'S CLASS ALLEGATIONS SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM FOR RELIEF

### A. Legal Standard

ExeculSearch also moves pursuant to Rule 12(b)(6) for dismissal for failure to state a claim. Class and collective claims, like any other, must meet the pleading standards established by the Federal Rules. FED.R. CIV. P. 12(b)(1), (6). In analyzing the sufficiency of Plaintiff's Second Amended Complaint, this Court is guided by the Supreme Court's opinions in *Bell Atlantic Corp. v. Twombly*, 500 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. U.S. at 662 (2009). Plaintiff's Second Amended Complaint fails to assert a common policy or practice, which is a requirement for pleading a class action pursuant to Rule 23(b)(3). *See e.g., Jones v. Sterling Infosystems, Inc.*, 317 F.R.D. 404, 411 (S.D.N.Y. 2016).

To survive a motion to dismiss pursuant to Fed. R. Civ. P 12(b)(6), a complaint must contain sufficient factual allegations that, when accepted as true, "state a claim to relief that is plausible on its face." *Twombly,* at 570. The plausibility standard requires more than the sheer possibility that a defendant acted unlawfully. It also requires "more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal,* citing *Twombly,* at 555. To meet this plausibility standard, the complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* at 678. When considering whether a complaint is plausible on its face, the Court first must ferret out and disregard all legal conclusions, labels, formulaic recitations of elements and conclusory statements. *Id.,* at 679 and *Twombly,* at 555. Determining whether a complaint contains sufficient facts and meets the plausibility test is a "context specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* at 679. As explained below, Plaintiff's vague allegations do not pass muster, and the Court should dismiss the class

allegations.

### B. Plaintiff's Second Amended Complaint Failed to Allege the Necessary Factual Foundation to State a Class-Based Claim

Plaintiff's Second Amended Complaint fails to plead sufficient facts to state a claim. It is replete with vague conclusory statements and devoid of factual content. Plaintiff fails to allege facts that Defendant engaged in any class-wide common policy or practice that point to a common issue of law or fact that will be at the center of the dispute.

#### 1. Plaintiff's Claims Are Vague and Conclusory

At best, Plaintiff generally alleges:

> These common legal and factual questions include, among other things: a. *whether* Defendant failed to provide each employee/application a copy of their consumer report at least five business days before it took an adverse action based upon the consumer report; b. *whether* Defendant failed to provide each employee/application a copy of their written notice of FCRA rights at least five business days before it took an adverse action based upon the consumer report; c. *whether* Defendants acted willfully in disregard of the rights and members of the Classes; and d. *whether* ExeculSearch has taken any steps to comply with the FCRA.  Second Amended Complaint, ¶ 54 (emphasis supplied).

Plaintiff's Second Amended Complaint does not allege – nor can it as a factual matter – that Defendant ExeculSearch actually engaged in any illegal act or omission respecting the purported class. In other words, the Second Amended Complaint does not assert **facts** that ExeculSearch actually engaged in class-based violations, it only asserts **whether** this occurred **may be** an issue.

Plaintiff's claims are devoid of any specificity, do not set forth facts sufficient to allege each element of a claim and establish a plausible claim for relief. Having filed a Second Amended Complaint, the Plaintiffs still have not crossed the line from conceivable allegations to plausible allegations. Plaintiff's vague, conclusory and insufficiently developed factual allegations do not meet the *Iqbal* or *Twombly* standard. Therefore, Plaintiff has failed to state a claim upon which relief can be granted, and the class allegations as to the Second Amended

Complaint should be dismissed.

### III.  PLAINTIFF'S CLASS ALLEGATIONS AGAINST THE EXECU|SEARCH GROUP, LCC MUST BE STRICKEN PURSUANT TO FRCP R. 12(F) AS HE CANNOT MEET FRCP R. 23'S REQUIREMENTS

**A. Legal Standard**

Rule 12(f) authorizes a court to "order stricken from any pleading . . . any redundant, immaterial, impertinent, or scandalous matter" to avoid wasting "time and money litigating spurious issues." Fed. R. Civ. P. 12(f). Rule 12(f) is a procedurally proper mechanism to strike class allegations. Federal courts hold that a defendant may file a preemptive motion to strike the class allegations from the complaint even if the plaintiff has not moved to certify the class. *See Calibuso v. Bank of Am. Corp.*, 893 F.Supp.2d 374, 388 (E.D.N.Y. 2012) (discussing class allegations pursuant to Rule 12(f) stating, "[i]t would be futile to allow plaintiffs to conduct discovery because plaintiff's theory for class certification is simply foreclosed.") (citing *Scott v. Family Dollar Stores, Inc.*, 2012 U.S. Dist. LEXIS 4669 (W.D.N.C. Jan, 2012); *See also Sanders v. Apple, Inc.*, 672 F.Supp.2d 978, 990 (N.D. Cal. 2009) (addressing Rule 12(f) and stating that [w]here the complaint demonstrates that a class action cannot be maintained on the facts alleged, a defendant may move to strike class allegations prior to discovery.").

**B. Plaintiff is an Inadequate Class Representative**

Contrary to the assertions in Plaintiff's Second Amended Complaint, ExeculSearch did not take any adverse action against Plaintiff Manuel Garcia in violation of Section 1681b (b)(3)(A) of the FCRA. Instead, ExeculSearch ceased Plaintiff's assignment when, after his credit report came back with a criminal record, Mr. Garcia told ExeculSearch it was not him, he had no prior convictions, he was being mistaken for another individual named Manuel Garcia and this confusion had occurred before. These were all misrepresentations. ExeculSearch ceased

6

Plaintiff's assignment for lying about his criminal background. Considering this, Plaintiff fails to meet FRCP R. 23(a)(4) requirement, and Plaintiff's Second Amended Complaint class allegations must be stricken pursuant to FRCP R. 12(f).

Plaintiff Garcia is unable to fairly and adequately represent the proposed class because Defendant ceased using his services when Garcia falsely claimed that he had no criminal history – not because of any violation of the criminal background check laws. This disqualifies him as a potential class representative. Plaintiff cannot demonstrate the typicality requirement of Rule 23(a). Plaintiffs must show that "defendants committed the same wrongful acts in the same manner, against all members of the class." *Velez v. Novartis Pharm. Corp.*, 244 F.R.D. 243, 268 (S.D.N.Y. 2997).  Here, however, Defendant shall be asserting that the Plaintiff is not typical of the purported class because, upon questioning, he misrepresented his criminal background.  The fact is that Plaintiff Garcia cannot even show that Defendant engaged in wrongful acts; and, if such acts were wrong, they may not have been wrong as to large sections of the proposed class. "The purpose of [the typicality requirement] is to 'ensure that the class representative is not subject to a unique defense which could potentially become the focus of the litigation." *Delmoral v. Credit Prot. Ass'n, LP*, 2015 U.S. Dist. LEXIS 133760 *14 (E.D.N.Y. Sept. 30, 2015) (*quoting Annunziato v. Collecto, Inc.*, 293 F.R.D. 329, 337 (E.D.N.Y. 2013).  Here, given the issues raised by ExeculSearch, Plaintiff Garcia's claims are subject to a unique defense that will not be applicable to other members of the proposed class. Accordingly, the Court should strike Plaintiff's class allegations.

### C. Plaintiff Cannot Meet FRCP R. 23's Requirements

A case cannot be certified as a class action unless it meets all the prerequisites of Rule 23(a) – including "numerosity". *Shady Grove Orthopedics Assocs., P.A. v. Allstate Ins. Co.*, 559

U.S. 393, 398 (2010); *Broen v. Kelly*, 609 F.3d 467, 475-76 (2d Cit. 2010). The party seeking class certification "bears the burden of establishing by a preponderance of the evidence that each of Rule 23's requirements has been met." *Myers v. Hertz Corp.*, 624 F.3d 537, 547 (2d Cir. 2010); *Levitt v. J.P. Morgan Sec., Inc.*, 710 F.3d 454, 465 (2d Cir. 2013) (same). Class certification must be denied if a plaintiff fails to meet his burden of satisfying each and every element of Rule 23. *Comcast*, 133 S. Ct. at 1432 (2013); *In re Initial Pub. Offerings Sec. Litig.*, 471 F.3d 24, 41 (2d Cir. 2006). Numerosity requirement for class certification generally is presumed at a level of 40 members and may be found where the number of class members is sufficiently large so that joinder would make litigation needlessly complicated and inefficient. Fed. Rules Civ. Proc. Rule 23(a)(1).

> Plaintiff states that:
>
> Class 1 and Class 2 (the "Classes") are so numerous that joinder of all members is impractical. The names and addresses of the Classes' members are identifiable through documents maintained by Defendant, and the Classes' members may be notified of the pendency of this action by published and/or mailed notice. According to its website, https://www.execu-search.com/about, ExeculSearch is one of the largest privately-owned recruitment and staffing firms in the U.S. and has placed 62,000 people in new jobs for 27,000 companies since 1985. As such, it is reasonable that there would be at least 50 members in each Class.
> Second Amended Complaint, ¶52.

Plaintiff has not identified any member of a class. Furthermore, Plaintiff is merely speculating as to the purported class by stating facts from ExeculSearch's website. It is not enough to merely state the number of people ExeculSearch has placed into new jobs (62,000 people), nor how long the company has been in business (since 1985). Plaintiff alleges no facts that ExeculSearch ran credit checks for all these employees, for all of these clients, and the fact is that it did not do so. Additionally, stating that ExeculSearch has been in business since 1985 includes far too many years outside the relevant statute of limitations period. It is irrelevant. Therefore, on the face of

the Second Amended Complaint, Plaintiff will not satisfy the numerosity requirement under Rule 23(a). Accordingly, the Court should dismiss Plaintiff's class allegations.

## CONCLUSION

For all of the foregoing reasons, The ExeculSearch Group, LLC respectfully requests that this Court grant its Motion to Dismiss/Strike Class Allegations in Plaintiff's Second Amended Complaint and issue an order granting ExeculSearch other and such further relief as this Court deems just and proper.

New York, New York
April 30, 2018

Yours, etc.

MARTIN CLEARWATER & BELL LLP

By _____/s/_____
Gregory B. Reilly
Aisling McAllister
*Attorneys for Defendant*
The ExeculSearch Group, LLC
220 East 42nd Street
New York, NY 10017
212-697-3122

**Via ECF Filing**
Walker G. Harman, Jr., Esq.
Edgar Rivera, Esq.
The Harman Firm, LLP
*Attorneys for Plaintiff*
220 Fifth Avenue, Suite 900
New York, New York 10001
(212) 425-2600
wharman@theharmanfirm.com
erivera@theharmanfirm.com